UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

RACHAEL BAILEY individually and as legal guardian of
N. B. a minor, MELVIN BAILEY individually and as legal
guardian of N. B. a minor, BLAYTON WEBSTER
                                           Plaintiffs,
                       -against-

KEVIN SULLIVAN; THE CITY OF NEW YORK; NEW
YORK CITY POLICE DEPARTMENT 63RD POLICE
PRECINCT, individually and as an agent of THE NEW
YORK CITY POLICE DEPARTMENT; VADIM
KONTROROVICH (SHIELD #: 27420), individually and
as a member of the NEW YORK CITY POLICE
DEPARTMENT 63RD POLICE PRECINCT; LOIS M
DIAGIANNI; ERIC GONZALEZ IN HIS CAPACITY AS
KINGS COUNTY DISTRICT ATTORNEY; THE LEGAL
AID SOCIETY KINGS
COUNTY.

                                           Defendants.
------------------------------------------------------------------------ x

INDEX#: 17-5320

**COMPLAINT AND JURY DEMAND**

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiffs seek relief for the violation of their rights secured by 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and the constitution of the State of New York.

2. The claim arises from an incident that occurred on or about a May 2, 2013 wherein which Kevin Sullivan made a false report to members of the New York State Police Department, specifically to Officer Vadim Kontorvich Shield # 27420.

3. As a direct result of Mr. Sullivan's false report and the failure of the New York State Police Department the allegation pertinent to said incident, Plaintiff, Rachael Bailey, was unjustly arrested by members of the New York State Police department and was subsequently found to be in violation of Criminal Court Order of Protection issued under Criminal Court Docket #: 2011KN048754 and became subject of Immigration Court Removal Proceedings.

4. Moreover, members of the New York State Police Department exercised excessive force during the course of the arrest of the Plaintiff, Rachael Bailey, on May 2, 2013, which caused the Plaintiff, Rachael Bailey, to sustain substantial injuries. Moreover Plaintiff N. B. a minor was diagnosed with Post Traumatic Stress Disorder as a result of the unlawful and discriminatory arrest of the Claimant on May 2, 2013.

5. Plaintiffs seek monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

6. This action is brought pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction and supplementary jurisdiction over plaintiffs' state law claims are asserted.

7. The amount in controversy exceeds $75,000.00 excluding interest and costs.

8. Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within, and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

9. At all times relevant to this action, Plaintiff RACHAEL BAILEY, individually, hereafter referred to as "Ms. Bailey" or "Plaintiff 1" was a resident of the State of New York, Kings County. Ms. Bailey is currently of resident of the State of New York, Kings County

10. At all times relevant to this action, Plaintiff, MELVIN BAILEY, individually, hereafter referred to as "Mr. Bailey" or "Plaintiff 2") is the husband of Rachael Bailey and is a resident of the State of New York, Kings County.

11. At all times relevant to this action, Plaintiffs MELVIN BAILEY and RACHAEL BAILEY appearing jointly as the legal Guardians of Plaintiff N. B. a minor under the age of 18 years

old, hereafter referred to as "Ms. N. B " or "Plaintiff 3") . Ms. N. B currently of resident of the State of New York, Kings County

12. At all times relevant to this action Plaintiff, BLAYTON WEBSTER hereafter referred to as "Mr. Webseter" or "Plaintiff 4") is the son of Rachael Bailey and is a resident is a resident of the State of New York, Kings County. Mr. Webster is currently of resident of the State of New York, Kings County

13. At all times relevant to this action, Defendant, KEVIN SULLIVAN hereafter referred to as "Mr. Sullivan" or "Defendant 1"), is believed to be a resident of the State of New York, Kings County.

14. Defendant, THE NEW YORK STATE POLICE DEPARTMENT, is a municipal agency of the Defendant, CITY OF NEW YORK.

15. Defendant, THE 63 PRECINCT OF THE NEW YORK STATE POLICE DEPARTMENT, is a branch of Defendant, THE NEW YORK STATE POLICE DEPARTMENT, a is a municipal agency of the Defendant, CITY OF NEW YORK.

16. Defendant, CITY OF NEW YORK, is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risk identical to the maintenance of a police force and the employment of Police Officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the Defendant Police Officer VADIM KONTROROVICH (SHIELD #: 27420), and Police Officer JOHN DOE# 1-15.

17. Defendants, Police Officer VADIM KONTROROVICH (SHIELD #: 27420) and JOHN DOE 1-15, is and were at all time relevant herein duly appointed and acting officers, servants, employees and agents of the 63 Police Precinct of the New York City Police

Department a municipal agency of the Defendant CITY OF NEW YORK.

18. Defendant LOIS M. DIAGIANNI was at all times relevant herein, the owner of the premises known as 1430 East 54th Street, Brooklyn, NY 11234 and therefore Defendant Sulivan remained at the premises and continued his pattern of harassment and abuse due to her negligence or consent.

19. Defendant ERIC GONZALEZ in his capacity as acting Kings County District Attorney, The Prosecuting Agent of the County of Kings which maliciously prosecuted Plaintiff Rachael Bailey.

20. At all times relevant herein defendants, KONTROROVICH and DOE 1-15, were acting under color of the laws, statutes, ordinances, regulation, policies, customs and/or usages of the State of New York and the New York City Police Department, in the course and scope of the their duties and function as officers, agents, servants, and employees of the Defendant CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by the CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, and were otherwise performing and engaging in conduct incidental to the performance of their lawful function in the course of their duties. They are being sued individually and in their official capacity.

21. By the conduct, acts, and omissions complained of herein, defendants, KONTROROVICH and DOE #1-15, violated clearly established constitutional standards under the First, Fourth, and Fourteenth Amendments of the United States Constitution of which reasonable police officer under the circumstances would have known.

22. Moreover, by the conduct and acts of Defendant, Sullivan, caused Defendants KONTROROVICH and DOE #1-15, to violate clearly established constitutional standards under the First, Fourth, and Fourteenth Amendments of the United States Constitution of which reasonable police officer under the circumstances would have known.

## FACTUAL ALLEGATIONS

23. On or about December 15, 2006, Plaintiff, Melvin Bailey, purchased a piece of real property in the State of New York and County of Kings (Block# 7851, Lot# 68) commonly known as 1432 EAST 54 STREET, BROOKLYN NY 11234.**(See Exhibit A annexed hereto)**

24. Since that time, Plaintiffs, Mr. Bailey, Ms. Bailey, N.A Bailey and Mr. Webster, peacefully resided at 1432 EAST 54 STREET, BROOKLYN NY 11234 and maintained a positive relationship with their neighbors.

25. At some point in 2007, Plaintiffs, Mr. Bailey, Ms. Bailey, N. B. and Mr. Webster met the Defendant, Mr. Sullivan, who introduced himself as the boyfriend of an under tenant of the premises known as 1430 EAST 54 STREET, BROOKLYN NY 11234.

26. On or about November 1, 2007, Defendant, Kevin Sullivan, moved next door to the plaintiffs and began to reside at the premises known as 1430 EAST 54 STREET, BROOKLYN NY 11234.

27. Upon information and belief, Defendant, Mr. Sullivan, is not the owner of the premises commonly known as 1430 EAST 54 STREET, BROOKLYN NY 11234 nor is he a legal tenant of said premises.

28. According to property records maintained by the New York City Department of Finance, the property known as 1430 East 54th Street is owned by Lois M. Digianni.

29. Since that time Defendant, Mr. Sullivan, has harassed, harangued and made false reports about the Bailey to members of the New York State Police Department as well as other New York City agencies.

30. On numerous occasions since 2007 the defendant, Mr. Sullivan has harassed, threatened, made false reports and has antagonized the plaintiffs jointly and individually.

31. The contention between the Defendant, Mr. Sullivan, and Plaintiffs stems from the parties

use of the "shared driveway" between premises known as 1432 EAST 54 STREET, BROOKLYN NY 11234 and the premises known as 1430 EAST 54 STREET, BROOKLYN NY 11234.

32. In that on or about November 30, 2007, Defendant, Sullivan, started to argue with Plaintiffs, Ms. Bailey and Mr. Bailey, about their use of the shared driveway.

33. Defendant, Mr. Sullivan, did not want the plaintiffs to use the shared driveway arguing that the plaintiff's vehicle was causing the premises known as 1430 EAST 54 STREET, BROOKLYN NY 11234 to sink.

34. It is to be noted that according to the records maintained by the New York City Office of the Register, the Indenture made with reference to the premises known as 1430 EAST 54 STREET, BROOKLYN NY 11234 (Block # 7851 and Lot# 24) clearly states that said premises was subject to two easements, the first being 3 ft 6 in to the southern side of the property and the second being 3 ft 6in to the north of the property.

35. Both Easements were provide for the purpose of a driveway and access to the rear of these premise, (1430 EAST 54 STREET, BROOKLYN NY 11234) and the premises adjoining on the south, (1432 EAST 54 STREET, BROOKLYN NY 11234) and were to be used in common by the owners of the respective properties for the purpose of free and unobstructed ingress and egress at all times to the street.

36. Moreover, the Plaintiffs were informed by their brokers at Closing that they would have access to the driveway as described above herein.

37. As a result of this, they legally continued their shared use of the Driveway as provided by the indenture.

38. Prior to the arrival of the Defendant, Mr. Sullivan, the Plaintiffs, Mr. Bailey, Ms. Bailey, N. B. and Mr. Webster, legally and peacefully enjoyed access to their driveway and the unobstructed access to the rear of their premises.

39. Once the Defendant, Mr. Sullivan, moved next door, the plaintiff's were deprived of their access to their driveway and became the targets of the Defendant's vindictive and malicious acts as and false reports.

40. At some point in spring of 2008, the Mr. Sullivan made a complaint to the New York City Police Department, wherein which Mr. Sullivan complained to the members of the New York City Police Department about the Plaintiff's use of the shared driveway.

41. When members of the New York City Police department arrived at 1430 EAST 54 STREET, BROOKLYN NY 11234, in response to Mr. Sullivan's complaint, they informed the plaintiff's that plaintiffs could not park their vehicle in the shared driveway anymore.

42. At that time, members of the New York City Police department made no inquires of the Plaintiff's about their ownership of the premises located at 1430 EAST 54 STREET, BROOKLYN NY 11234 or the easement recorded in the New York City Department of Finance Records.

43. The Members of the New York State Police department had the resources and the opportunity to inspect the records maintained by the New York City Office of the Register to ascertain information about the ownership and right of access to the shared driveway at issue nevertheless they failed to do so.

44. Instead, members of the New York City Police department made the sua sponte decision to verbally revoke the plaintiff's lawful right of access to the Driveway located between the premises known as 1432 EAST 54 STREET, BROOKLYN NY 11234 and the premises known as 1430 EAST 54 STREET, BROOKLYN NY 11234.

45. In light of the foregoing the Plaintiff's limited their use of the shared Driveway.

46. However, this did not stop Mr. Sullivan from harassing, haranguing and/or making false reports against the Plaintiffs.

7

47. At some point in the spring of 2010, Mr. Sullivan developed the habits of obstructing the shared driveway with his garbage and other pieces of debris; and placing uncollectable construction debris into the Plaintiff's trash cans

48. Said garbage and debris would, at times, extend past the shared driveway and on to the Plaintiff's front lawn and/or directly in front of the Plaintiff's property.

49. On one occasion, members from the New York City Department of Sanitation went to the home of the plaintiff located at 1430 EAST 54 STREET, BROOKLYN NY 11234, in response to a complaint made about construction debris left in a black garbage bag in front to the plaintiff premise.

50. Before the Sanitation officer issued a violation to the plaintiffs, he had the opportunity to speak with the Plaintiff, Rachel Bailey, who informed him that she had just returned from work and that no construction or renovations had taken place at their premises by escorting the officer into her home and the rear of her premise.

51. While in the rear of the Premises, Plaintiff, Rachel Bailey, and the Sanitation Officer observed that constructions and/or renovations had recently occurred in the premises located at 1432 EAST 54 STREET, BROOKLYN NY 11234.

52. In light of the foregoing, the Sanitation officer did not issue a sanitation violation to the Plaintiff, Rachel Bailey.

53. Thereafter, in the in the winter of 2010, Plaintiff, Rachel Bailey, came home to discover a large black garbage bag with cinder blocks and other construction debris directly in front of her premises.

54. Plaintiff, Rachel Bailey, could also observe from the rear of her premises that constructions and/or renovation work was still being done at the premises located at 1430 EAST 54 STREET, BROOKLYN NY 11234.

55. In light of the foregoing, Plaintiff, Rachel Bailey, contacted the New York City Police

Department and made a complaint.

56. When a member of the New York City Police Department arrived at 1432 EAST 54 STREET, BROOKLYN NY 11234 they spoke to Plaintiff, Rachel Bailey, who informed them that someone from the premises located at 1430 EAST 54 STREET, BROOKLYN NY 11234 had left construction debris directly in front of her home.

57. Plaintiff, Ms. Bailey, further informed the officer of abovementioned incident with the Sanitation Department that occurred early that year.

58. The officer then knocked on the front door of the premises located at 1430 EAST 54 STREET, BROOKLYN NY 11234 however the officer got no response.

59. Thereafter, the Officer instructed Plaintiff, Rachel Bailey, who was 42 years old at the time, to take the black garbage bag containing cinder blocks back to the rear of her premises and keep the same until the next trash cycle.

60. The Officer made no further attempt to contact the Defendant Mr. Sullivan and/or issue any citations to the residents of 1430 EAST 54 STREET, BROOKLYN NY 11234

61. The Officer made no additional attempt to follow up on Plaintiff's Rachel Bailey complaint and essentially instructed her to handle the issue by herself.

## FACTUAL ALLEGATIONS AROUND THE FIRST ARREST ON MAY 10, 2011

62. Thereafter the Defendant, Mr. Sullivan continued to Mr. harassing, haranguing and making false reports against the Plaintiffs.

63. On or about May 10, 2011, Plaintiff, Mr. Webster, drove to visit his mother at her home located at 1432 EAST 54 STREET, BROOKLYN NY 11234.

64. Plaintiff, Mr. Webster, parked his car in front to the premises located at 1430 EAST 54 STREET, BROOKLYN NY 11234 and went there in to have dinner with his family.

65. While having dinner with his family Mr. Webster heard banging noises coming from the direction of his vehicle.

66. When Mr. Webster went out on his porch to investigate, there he observed the Defendant, Mr. Sullivan, tossing garbage bags alongside and on top of the Plaintiff, Mr. Webster, car.

67. In light of this, Plaintiff, Mr. Webster, asked the Defendant, Mr. Sullivan, what he was doing and a verbal altercation ensued between the two.

68. Plaintiff, Rachel Bailey, was inside of home when the verbal altercation began between her son, Mr. Webster, and the Defendant, Mr. Sullivan, and could hear the words being exchanged between the two.

69. Plaintiff, Rachel Bailey, overheard Defendant, Mr. Sullivan, call her son a nigger, demanded that her son and his family get the fuck out of the neighborhood and go back to your country and threaten to call the police on her son to have him shot or locked up.

70. In light of this, Plaintiff, Rachel Bailey, also stepped out on the porch and instructed her son to go back inside as Mr. Sullivan was "sick in the head"

71. The comments made by the Plaintiff, Rachel Bailey, further infuriated the Defendant, Mr. Sullivan, who again threatened to call the police and have the Plaintiff, Ms. Bailey and her son, Plaintiff Mr. Webster, looked up.

72. The verbal altercation between Plaintiffs, Ms. Bailey and Mr. Webster, caused a great commotion in the community and several members of the neighbor had step outside of the respective houses to view the same.

73. Mr. Sullivan then exited the street and returned to his home at 1430 EAST 54 STREET, BROOKLYN NY 11234.

74. About 20 minutes thereafter, approximately 20 marked vehicles from the New York City Police department arrived at 54 Street.

75. Plaintiff, Rachel Bailey, observed the officer go directly to the Defendant, Mr. Sullivan's place of residence located at 1430 EAST 54 STREET, BROOKLYN NY 11234 before proceeding to a house a few doors down.

76. Thereafter, members of the New York State Police department went to the home of the Plaintiffs, 1432 EAST 54 STREET, BROOKLYN NY 11234, and demanded to see Plaintiff, Rachel Bailey, and Plaintiff, Mr. Webster.

77. The members of the New York State Police Department informed Plaintiff, Rachel Bailey, and Plaintiff, Mr. Webster, that they were informed by Defendant, Mr. Sullivan, that Mr. Webster had assaulted him and that Ms. Bailey had chased him with a machete.

78. At no point did the Officers ask the Plaintiff's about the incident that just occurred.

79. Moreover, the Officer willfully ignored the testimony of the numerous individuals who were present at the time of the incident and witnessed the verbal altercation between Plaintiffs, Mrs. Bailey and Mr. Webster, and the Defendant Mr. Sullivan.

80. Thereafter on May 10, 2011, Plaintiffs, Mrs. Bailey was arrested in Kings County and was charged with the following crimes: ASSUALT IN THE THIRD DEGREE in violation of New York State Penal Law §120.00; MENACING IN THE SECOND DEGREE in violation of New York State Penal Law §120.14; MENACING IN THE THIRD DEGREE in violation of New York State Penal Law §120.15; and APPEARANCE IN PUBLIC UNDER THE INFLUENCE OF NARCOTICS OR A DRUG OTHER THAN ALCOHOL in violation of New York State Penal Law § 240.26.

81. That matter was prosecuted under Kings County Criminal Court Docket Number: 2011KN048754.

82. Upon information and belief, Plaintiff, Ms. Bailey, dissented and disagreed with the charges and the time of her arrest and all throughout the course of the proceedings that were held under Kings County Criminal Court Docket Number: 2011KN048754.

83. Plaintiff, Ms. Bailey, could not afford an attorney at the time of her arrest and as legal Aid attorney was assigned to her.

84. Plaintiff, Ms. Bailey, informed her legal aid attorney that she was lawfully present in the

United States and that she was in the process of adjusting her immigration status.

85. Plaintiff, Ms. Bailey, was then informed by her attorney that the some of the charges pending against her Kings County Criminal Court Docket Number: 2011KN048754 carried consequences that might adversely affect her immigration applications if she was found guilty.

86. Plaintiff, Ms. Bailey, legal aid attorney was able to secure an plea offer of from the Kings County District Attorney's Office wherein which the Plaintiff, Ms. Bailey, would enter of a Plea of Guilty to the lesser charge of DISORDERLY CONDUCT in violation of New York State Penal Law § 240.20.

87. Plaintiff's, Ms. Bailey, legal aid attorney advised the Plaintiff to enter the plea of guilty to the charge of Disorderly Conduct as the same was a violation that did not carry immigration consequences.

88. Plaintiff, Ms. Bailey, relied on the Legal Aid attorney's advice and plead guilty to the lesser charge of DISORDERLY CONDUCT in violation of New York State Penal Law § 240.20 on November 27, 2012.

89. This resulted in a non-criminal, non-jail disposition for Plaintiff, Ms. Bailey.

90. Plaintiff, Ms. Bailey, was sentenced to a One Year Conditional Discharges and she was made to pay fines and surcharges in the amount of $120.00.

91. On November 27, 2012, an Order of Protection was also issued against Plaintiff, Ms. Bailey, which directed her to stay away from the Defendant, Kevin Sullivan, which was scheduled to stay in effect until November 26, 2014.

92. *On May 10, 2011, Plaintiff, Mr. Webster, was also arrested and prosecuted in Kings County: and was charged with the following crimes: ASSUALT IN THE THIRD DEGREE in violation of New York State Penal Law §120.00; MENACING IN THE SECOND DEGREE in violation of New York State Penal Law §120.14; MENACING IN THE THIRD DEGREE in*

*violation of New York State Penal Law §120.15; and APPEARANCE IN PUBLIC UNDER THE INFLUENCE OF NARCOTICS OR A DRUG OTHER THAN ALCOHOL in violation of New York State Penal Law § 240.26.*

93. That matter was prosecuted in Kings County Criminal Court.

94. Plaintiff, Mr. Webster, could not afford an attorney at the time of his arrest and a legal Aid attorney was assigned to him.

95. Over the course of the Matter that was pending in Kings County, Plaintiff's, Mr. Webster's, legal aid attorney became aware of Plaintiff's, Ms. Bailey, immigration status as well as the plea of offer secured by Plaintiff's, Ms. Bailey, legal Aid Attorney.

96. In light of the foregoing, Plaintiff's, Mr. Webster, Legal Aid also encouraged him to accept a plea offer to the lesser charge of DISORDERLY CONDUCT in violation of New York State Penal Law §240.20 so as to quickly resolved the matter pending against him and his mother without incurring any adverse immigration consequences.

97. *Plaintiff, Mr. Webster, relied on the Legal Aid attorney's advice and plead guilty to the lesser charge of DISORDERLY CONDUCT in violation of New York State Penal Law § 240.20 on November 27, 2012.*

98. *This resulted in a non-criminal, non-jail disposition for Plaintiff, Mr. Webster.*

99. *Plaintiff, Mr. Webster, was sentenced to a One Year Conditional Discharges and she was made to pay fines and surcharges in the amount of $120.00.*

**FACTUAL ALLEGATIONS AROUND THE SECOND ARREST ON MAY 2, 2013**

100. Thereafter the Defendant, Mr. Sullivan continued his pattern of harassing, haranguing and making false reports against the Plaintiffs.

101. In the summer of 2012, Plaintiffs, Melvin Bailey and Rachael Bailey were in their yard cleaning.

102. At some point during the day, defendant Sullivan began verbally berating Plaintiff Rachael

13

Bailey while she was in her yard with her family.

103. Plaintiff, Rachael Bailey went inside of her home and called the Police to the premises.

104. Police arrived on scene and completely ignored Mrs. Bailey and refused to take a statement from her, instead telling her to remain inside her home.

105. Despite being called by Plaintiff, Rachael Bailey, Officer Vadim Kontorovich, went to the premises known as 1430 East 54th Street and spoke with Mr. Sullivan.

106. After speaking with Mr. Sullivan, Officer Kontorovich and his partner called Mrs. Bailey from her residence and forcefully arrested her.

107. This arrest took place in front of Plaintiff Rachael Bailey's family, including her ten year old daughter, N. B. a minor child.

108. Witnessing her mother forcefully arrested and thrown against a wall has left N. B. traumatized and emotionally scarred.

109. N. B. has been diagnosed with Post Traumatic Stress Disorder resulting from witnessing her mother arrested with such excessive force.

110. Nordisson B. is now doing poorly in school, began bedwetting, has extreme anxiety and has been placed in a special education program.

111. These symptoms all manifested after the arrest of Plaintiff Rachael Bailey that took place on May 02, 2013.

## FACTUAL ALLEGATIONS AROUND THE SECOND ARREST ON MAY 2, 2013

112. Rachel Bailey was then detained by the police imprisoned and then immediately turned over to Immigration and Customs Enforcement (I.C.E.) and placed in Removal Proceedings.

113. Plaintiff, Rachael Bailey remained in I.C.E. custody for several months during which time she had significant difficulty contacting her family.

114. This extended absence contributed significantly to the trauma suffered by Plaintiff, N. B.

115. Not only was this incredibly traumatic emotionally, but also financially for Plaintiffs.

116. Plaintiffs were forced to retain the services of an attorney for immigration and criminal matters.

117. Plaintiff's, Rachael Bailey was forced to defend herself from the false accusations of Mr. Sullivan at trial in Kings County Criminal Court due to the potentially devastating immigration consequences she faced.

118. Despite prevailing at trial, Plaintiff, Rachael Bailey was still financially liable for the fees associated with retaining an attorney for her Criminal Court trial as well as protecting her from deportation in Immigration Court.

119. Plaintiff, Rachael Bailey has been forced to spend thousands in pursuit of gaining lawful status, a process that would have been trivial were it not for the two arrests caused by the falsehoods and abuses of Kevin Sullivan, the malicious prosecution of the Kings County District Attorney and lazy and negligent policing conducted by Officer Kontorovich who was openly contemptuous of Rachael Bailey whom he accused of ruining the neighborhood.

120. During the course of Criminal Court proceedings, Counsel for Plaintiff Rachael Bailey repeatedly requested that the Kings County District Attorney turn over the recordings of the 911 tapes that called the police to the premises known as 1432 East 54th Street, Brooklyn, NY 11234.

121. The District Attorney's Office did not furnish this recording to Counsel until trial.

122. This piece of evidence proved critical as Justice Farber's decision to find Plaintiff, Rachael Bailey not guilty was largely based on the fact that the officers were dispatched to 1432 East 54th Street.

123. It is incredibly unlikely that the police would be dispatched to the home of the perpetrator and not the victim.

## FIRST CAUSE OF ACTION
## 42 U.S.C. § 1983

124. The above paragraphs are here incorporated by reference.

125. The officer defendants wrongfully, illegally, and unjustifiably arrested, detained, imprisoned, and falsely charged plaintiff, depriving her of her liberty.

126. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of plaintiff was carried out without a valid warrant, without plaintiff's consent, and without probable cause or reasonable suspicion.

127. At all relevant times, defendants acted forcibly in apprehending, arresting, and imprisoning plaintiff.

128. All of this occurred without any illegal conduct by plaintiff.

129. The officer defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. Said acts by officer defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly and with the specific intent to deprive plaintiff of her constitutional rights secured by the United States Constitution.

130. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

## SECOND CAUSE OF ACTION
## 42 U.S.C. § 1983
## MUNICIPAL LIABILITY

131. The above paragraphs are here incorporated by reference.

132. The City is liable for the damages suffered by plaintiff because, after learning of its employees' violations of New Yorkers' constitutional rights, the City has: failed to remedy the wrong; created a policy or custom under which unconstitutional practices regularly

occur and even thrive; and has been grossly negligent in managing subordinates who cause the unlawful events. The result of the City's inaction is a culture within the NYPD where the same officers, the same units, and the same precincts repeatedly and routinely engage in acts of misconduct. By failing to properly train, supervise, and discipline its employees, agents, and servants, the City effectively encourages illegal, immoral, and unprofessional behavior.

133. On numerous occasions over the span of many years, the City of New York has been alerted to the regular use of excessive force and the frequency of false arrests charges brought by its police officers. Despite having acquired such knowledge, the City has refused to appropriately sanction its employees' illegal behavior.

134. The City's deliberate indifference to civil rights violations committed by individual police officers, as well as patterns of misconduct committed by the same officers or occurring in the same precinct has caused the constitutional violations against Plaintiff in this case.

135. As a result of the New York State constitutional violations complained of, the Plaintiffs are entitled to fair and just compensation for the loss of the integrity and stability of the family units.

WHEREFORE, plaintiffs demand judgment against the defendants, jointly and severally, as follows:

    A.    In favor of plaintiffs for $10,000,000 for each cause of action;

    B.    Awarding plaintiffs punitive damages in an amount exceeding the jurisdictional limits of all the lower courts for each cause of action,

    C.    Awarding plaintiffs reasonable attorneys' fees, costs and disbursements of this action; and

    D.    Granting such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury.

DATED:   Brooklyn, New York
         September 11, 2017

Yours, etc.,

/s/ *Audrey A. Thomas, Esq.*

AUDREY A. THOMAS, ESQ.
THE LAW OFFICE OF AUDREY THOMAS PLLC
245-07 FRANCIS LEWIS BLVD
ROSEDALE, NY 11422
718-276-2729 (PH)
718-276-0196(FX)
audreythomasesq@gmail.com
_____
By: AUDREY A. THOMAS, (4050548)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

RACHAEL BAILEY individually and as legal guardian of N. B. a minor, MELVIN BAILEY individually and as legal guardian of N. B. a minor, BLAYTON WEBSTER

                              **CERTIFICATE OF MERIT**

                      Plaintiffs,

        -against-

KEVIN SULLIVAN; THE CITY OF NEW YORK; NEW YORK CITY POLICE DEPARTMENT 63RD POLICE PRECINCT, individually and as an agent of
THE NEW YORK CITY POLICE DEPARTMENT;
THE NEW YORK CITY POLICE DEPARTMENT;
VADIM KONTROROVICH (SHIELD #: 27420), individually and as a member of the NEW YORK CITY POLICE DEPARTMENT 63RD POLICE PRECINCT;
LOIS M DIAGIANNI; ERIC GONZALEZ IN HIS CAPACITY AS KINGS COUNTY DISTRICT ATTORNEY; THE LEGAL AID SOCIETY KINGS COUNTY.

                           Defendants.
-------------------------------------------------------------------------- x

WE, AUDREY A. THOMAS, ESQ., PLAINTIFFS' ATTORNEYS IN THIS ACTION, HAVE CONSULTED WITH AT LEAST ONE DOCTOR WHO IS KNOWLEDGEABLE ON THE RELEVANT ISSUE AND I HAVE CONCLUDED THAT THERE IS A REASONABLE BASIS FOR THE COMMENCEMENT OF THIS ACTION.

Pursuant to CPLR 3012-a, we affirm this Certificate of Merit under penalties of perjury.

September 11, 2017

    Yours, etc.,


    AUDREY A. THOMAS, ESQ.
    THE LAW OFFICE OF AUDREY THOMAS PLLC
    245-07 FRANCIS LEWIS BLVD
    ROSEDALE, NY 11422
    718-276-2729 (PH)
    718-276-0196(FX)
    audreythomasesq@gmail.com

    _____
    By: AUDREY A. THOMAS, (4050548)